UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SIRVONTRE INGRAM,

    Plaintiff,

    v.

SAN MATEO COUNTY,

    Defendant.

Case No. 22-cv-02457-WHO (PR)

**ORDER DISMISSING THE COMPLAINT WITH LEAVE TO AMEND**

## INTRODUCTION

Plaintiff Sirvontre Ingram 42 U.S.C. § 1983 complaint is DISMISSED with leave to file an amended complaint on or before **November 14, 2022**. He alleges that his First Amendment rights are being violated because the "San Mateo Sheriff County Authorities" stopped all mail delivery to inmates. He names San Mateo County as the sole defendant, but his allegations point to a person or persons in the sheriff's office as the responsible party or parties. His amended complaint must state specific facts that tie a specific defendant or defendants to an alleged wrong. Failure to file a proper amended complaint by November 7, 2022, or a failure to comply in every respect with the instructions given in this order, may result in the dismissal of this suit and the entry of judgment in favor of defendant.

## DISCUSSION

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Ingram alleges that on March 1, 2021 the "San Mateo Sheriff County Authorities" stopped all mail delivery to inmates. (Compl., Dkt. No. 1 at 3.) He names only San Mateo County as a defendant. This is insufficient to state any claim for relief because Ingram's allegations point to a person or persons in the sheriff's office as the responsible party or parties, not to San Mateo County.

In his amended complaint, Ingram may wish to tie his allegations to the person or persons in the sheriff's office who are responsible for the alleged mail stoppage. He should also provide an update regarding current mail delivery services and whether they have resumed and, if so, by what date. He is encouraged to consider the following when amending his complaint: "A person deprives another 'of a constitutional right,' within the

1  meaning of section 1983, if he does an affirmative act, participates in another's affirmative
2  acts, or omits to perform an act which he is legally required to do that causes the
3  deprivation of which [the plaintiff complains]." *Leer v. Murphy*, 844 F.2d 628, 633 (9th
4  Cir. 1988) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).  The inquiry into
5  causation is individualized and focuses on the duties and responsibilities of each individual
6  defendant whose acts or omissions are alleged to have caused a constitutional deprivation.
7  *Id.*

8  Also, it appears that Ingram has not exhausted his administrative remedies.
9  (Compl., Dkt. No. 1 at 1-2.)  <u>If this is so, his action will have to be dismissed.</u>  Prisoners
10 must properly exhaust their administrative remedies before filing suit in federal court.  "No
11 action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any
12 other Federal law, by a prisoner confined in any jail, prison, or other correctional facility
13 until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).
14 Exhaustion is mandatory and is no longer left to the discretion of the district court.
15 *Woodford v. Ngo*, 548 U.S. 81, 85 (2006) (citing *Booth v. Churner*, 532 U.S. 731, 739
16 (2001)).  The PLRA exhaustion requirement requires "proper exhaustion" of all available
17 administrative remedies.  *Id.* at 93.  <u>In his amended complaint, Ingram must make it clear</u>
18 <u>whether he has exhausted his claims or whether he has made any attempt to do so.</u>  If he
19 has attempted to exhaust, he must state specifically what steps he has taken and how the
20 jail authorities have addressed his grievances.

21                                    **CONCLUSION**

22 The complaint is DISMISSED with leave to file an amended complaint on or before
23 **November 14, 2022.**  The amended complaint must include the caption and civil case
24 number used in this order (22-02457 WHO (PR)) and the words FIRST AMENDED
25 COMPLAINT must be written on the first page.  <u>The amended complaint must also appear</u>
26 <u>on this Court's form, a copy of which will be sent to him.</u>  Because an amended complaint
27 completely replaces the previous complaints, plaintiff must include in his first amended
28 complaint all the claims he wishes to present and all of the defendants he wishes to sue.

1 *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not incorporate material from any prior complaint by reference.  Failure to file an amended complaint in accordance with this order may in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address."  He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so.  Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

**Dated:** September 30, 2022



WILLIAM H. ORRICK
United States District Judge